UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| RONALD TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:15-cv-00509 |
| CHASE BANK, | ) |
| Defendant. | ) |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Rule 7.1(a), Defendant JPMorgan Chase Bank, N.A. ("Chase"), incorrectly identified by Plaintiff as Defendant Chase Bank, respectfully submits this reply in support of its Motion to Dismiss.

On December 4, 2015, Plaintiff filed a response to Chase's Motion to Dismiss Plaintiff's "complaint." Pl.'s Resp., ECF No. 18. Plaintiff's response fails to provide a cognizable argument against Chase's Motion and continues to mix civil and criminal law (asserting that Chase committed a felony). Moreover, Plaintiff now purports to assert a new claim for insurance fraud which is not properly before the Court, has no merit, and should be disregarded. For these reasons and as more fully articulated below, Plaintiff's action should be dismissed in its entirety.

## ARGUMENT

**I. Plaintiff's entire pleading fails to a state a plausible claim for relief.**

Plaintiff's response utterly fails to respond to arguments made by Chase in its Motion to Dismiss. Plaintiff does not refute that he fails to plead facts sufficient to support a claim for fraud, mortgage fraud, mail fraud, breach of contract, or negligence. Instead, Plaintiff's response

merely restates his pleading's conclusory allegations and faulty legal theories and asserts that "pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." Pl.'s Resp. 2.

Although pleadings drafted by *pro se* litigants are construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers," the "lenient treatment generally accorded to *pro se* litigants has limits." *Samples v. Bank of Am., N.A.*, No. 3:12-CV-44, 2012 WL 1309135, at *2 (E.D. Tenn. Apr. 16, 2012) (internal quotation marks omitted).

"*Pro se* plaintiffs must comply with Rule 8, which provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell v. Tennessee*, No. 1:11-CV-14, 2012 WL 996560, at *2 (E.D. Tenn. Mar. 22, 2012) (internal quotation marks omitted).

Under the pleading requirements of Rule 8, *pro se* litigants "must provide the factual grounds for their entitlement to relief and this 'requires more than labels and conclusions . . . .'" *Allen v. U.S. Bank Nat'l Ass'n, N.D.*, No. 3:15-0124, 2015 WL 3872334, at *2 (M.D. Tenn. June 22, 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)), *adopted by* No. 3:15-CV-00124, 2015 WL 4251183 (M.D. Tenn. July 10, 2015). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Therefore, liberal construction of a *pro se* pleading does not give a court leave to ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Alle*n, 2015 WL 3872334, at *3 ("The Court is simply not required to supply or assume facts that are not pled in the Complaint and to create viable claims for the Plaintiffs."); *Samples*, 2012 WL 1309135, at *2 ("Liberal federal pleading standards do not

2

permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible.")

In support of the response, Plaintiff attaches eight (8) exhibits without any explanation how these documents are relevant or applicable to the purported claims. However, a closer examination of these documents demonstrates that Plaintiff's claims regarding insurance have no merit. As exhibit 1, Plaintiff submitted the applicable Deed of Trust. At page 5, paragraph 5, the Deed of Trust provides that *Borrower shall* keep and maintain insurance. The Deed of Trust clearly provides that it is the Borrower's responsibility, not the bank, to maintain insurance. However, to the extent that Borrower fails to maintain coverage, Lender *may* obtain insurance coverage, at Lender's option and Borrower's expense, <u>but</u> such coverage shall cover Lender, and "might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability." The Deed of Trust clearly states that it is *Borrower's obligation* to maintain insurance coverage, but if Lender is forced to provide coverage, such coverage <u>may or may not protect Borrower</u>.

Plaintiff also attached an email that states Chase's insurance department reviewed the account and contacted State Farm insurance, which apparently admitted to some error. Chase recommended that Plaintiff file a complaint against State Farm or contact the state insurance commissioner. Here, other than attaching this email, Plaintiff does not give any notice to the Court or Chase about what, if any, actions he took against State Farm and more importantly, why the bank, and not State Farm, is responsible for an insurance claim. Yet again, to the extent Plaintiff has a claim, the Deed of Trust provides that Borrower, not Chase, is responsible to maintain insurance. To the extent that Chase is forced to obtain coverage, such coverage shall cover Lender, and "might or might not protect Borrower, Borrower's equity in the Property, or

3

the contents of the Property, against any risk, hazard or liability."  Borrower also attached the title insurance policy and related documents, the note, settlement statement and escrow statement, but fails to explain how these documents are relevant to the pending action.

Despite Plaintiff's inclusion of legal generalities and jargon, Plaintiff has simply failed to allege facts showing that he has viable claims upon which relief can be granted.  In his response to Chase's Motion to Dismiss, Plaintiff fails to address his inability to articulate the factual basis for his claims against Chase.  Plaintiff's allegations are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient to support a claim and that will not defeat a motion to dismiss.  *See Iqbal*, 556 U.S. at 678.  Plaintiff's failure to articulate facts sufficient to establish these claims warrants their dismissal.  *See, e.g.*, *Allen*, 2015 WL 3872334, at *5 (holding that *pro se* complaint "woefully deficient in terms of supporting factual allegations" warranted dismissal); *Leinweber v. Bank of Am., N.A.*, No. 3:12-CV-84, 2012 WL 1620891, at *5 (E.D. Tenn. Apr. 18, 2012), *adopted by* No. 3:12-CV-84, 2012 WL 1620780 (E.D. Tenn. May 9, 2012) (holding that *pro se* complaint warranted dismissal because "labyrinth of factual statements" contained in complaint were "not correlated to and do not support the legal conclusions" asserted in the complaint); *Samples*, 2012 WL 1309135, at *3 (dismissing *pro se* complaint "contain[ing] only bare allegations of fact to go along with its assertions of various legal and equitable theories of relief").  Accordingly, the Court should dismiss Plaintiff's action in its entirety under Rule 12(b)(6).

## II. Plaintiff's response to Chase's Motion to Dismiss attempts to asset a new claim which should be disregarded by the Court.

In his response, Plaintiff attempts to assert a new claim for insurance fraud.  Namely, Plaintiff conclusorily asserts that Chase committed fraud by misapplying the funds in his escrow account to pay for insurance for property that was not encumbered by the mortgage and that

4

"since the funds were intended to go to insurance it also includes insurance fraud . . . ." Pl.'s Resp. 4. Although Plaintiff contends in his response to Chase's Motion to Dismiss that Chase is liable for insurance fraud, he did not plead an insurance fraud claim and he cannot now amend his pleading to add new claims in a response to a motion to dismiss. *See Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (holding that a plaintiff may not "expand [his] claims to assert new theories" in response to a motion for summary judgment); *Hunter v. City of Copperhill, Tenn.*, No. 1:09-cv-238, 2011 WL 5980292, at *7 (E.D. Tenn. Nov. 29, 2011) (dismissing plaintiff's new claim brought for the first time in response to defendant's motion to dismiss, or in the alternative, for summary judgment); *Orea Energy Grp., LLC v. E. Tenn. Consultants, Inc.*, No. 3:09-CV-041, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation marks omitted)). More importantly, to the extent Plaintiff has a claim, the Deed of Trust provides that Borrower, not Chase, is responsible to maintain insurance. To the extent Chase obtains coverage, such coverage shall cover Lender, and "might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability." Plaintiff's newly asserted claim for insurance fraud is, therefore, not properly before the Court, has no merit, and should not be considered.

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' action with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, award costs and fees pursuant, and grant such further relief as the Court may deem just and appropriate.

Dated: December 11, 2015.　　　　　　　　Respectfully submitted,

                NELSON, MULLINS, RILEY &
                SCARBOROUGH LLP

             By: */s/ James A. Haltom*
                James A. Haltom (BPRN 28495)
                150 Fourth Avenue, North, Suite 1100
                Nashville, TN 37219
                Phone: (615) 664-5339
                E-Mail: james.haltom@nelsonmullins.com

## **CERTIFICATE OF SERVICE**

 I certify that the foregoing document has been served by email to Plaintiff at energyrethink@yahoo.com and placing a correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope to:

           Ronald Taylor
          335 Ridgeview Drive
          Clinton, TN 37716

Dated: December 11, 2015.

                */s/ James A. Haltom*
                JAMES A. HALTOM