UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONALD TAYLOR, )
)
    Plaintiff, )
)
v. ) No. 3:15-cv-509-HBG
)
JPMORGAN CHASE BANK, N.A., )
)
    Defendant. )

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 12].

The Defendant, JP Morgan Chase Bank, N.A. ("Chase"), has filed a Motion To Dismiss [Doc. 5]. The Plaintiff, Ronald Taylor, has filed a Response in opposition [Doc. 7], and the Defendant has filed a Reply [Doc. 8].

## BACKGROUND

On or about September 22, 2015, Plaintiff commenced this case as a civil action in the Chancery Court for Anderson County, Tennessee. The Defendant removed the case to United States District Court [Doc. 1-2].

The Plaintiff states that he is bringing a fraud claim against the Defendant, allegedly arising out of the Plaintiff's mortgage escrow account: ". . .the real issue is fraud" [Doc. 7]. The Court agrees with the Defendant, however, that the factual allegations in Plaintiff's complaint [Doc. 1-1] are "sparse and generic." Plaintiff alleges that Chase "misapplied the funds [in Plaintiff's escrow account] to pay insurance on the property that was not [his property]."

Plaintiff asserts that Chase's conduct amounts to "a breach of contract." Plaintiff does not identify the specific property, insurance carrier, or contract. Rather, Plaintiff alleges that "[e]very monthly statement was fraudulent because it did not reflect the true amount of every year that [Chase] paid on the property that [Plaintiff] did not own" and that because Chase "sent the monthly statement through the mail that would also constitute mail fraud as well as mortgage fraud." Plaintiff says that "the employees that made the decision to misapply funds and then refuse to repay the misapplied funds are guilty of criminal misconduct and or negligence."

The Defendant asserts that the Plaintiff has failed to state any claim against it. The Defendant says that all the Plaintiff has done is make a factually baseless, and generalized, claim that the Defendant harmed him by "fraud."

## **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "must go beyond 'labels and conclusions' or a mere 'formulaic recitation of the elements of a cause of action.'" *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). And "naked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint." 1*6630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

"[T]he sufficiency of a complaint turns on its 'factual content,' requiring the plaintiff to plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *Id.* at 504 (citations omitted) (quoting *Iqbal*, 556 U.S. at 678, 683). It is not enough to allege facts that show a "mere possibility of

2

misconduct" or "that are merely consistent with a defendant's liability." *Iqbal*, 556 U.S. at 678-79 (internal quotation marks omitted). The Federal Rules of Civil Procedure require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

While "allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers," this leniency "has limits." *Samples v. Bank of Am., N.A.*, No. 3:12-CV-44, 2012 WL 1309135, at *2 (E.D. Tenn. Apr. 16, 2012) (internal quotation marks omitted). A pro se litigant is "not exempt from the requirements of the Federal Rules of Civil Procedure." *Mhoon v. U.S Bank Home Mortg.*, No. 12-CV-03053-JPM-TMP, 2013 WL 6858680, at *3 (W.D. Tenn. Dec. 30, 2013).

A *pro se* litigant "must provide the factual grounds for their entitlement to relief and this 'requires more than labels and conclusions. . . .'" *Allen v. U.S. Bank Nat'l Ass'n, N.D.*, No. 3:15-0124, 2015 WL 3872334, at *2 *(M.D. Tenn. June 22, 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *adopted by* No. 3:15-CV-00124, 2015 WL 4251183 (M.D. Tenn. July 10, 2015). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Therefore, liberal construction of a *pro se* pleading does not give a court leave to ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Allen*, 2015 WL 3872334, at *3 ("The Court is simply not required to supply or assume facts that are not pled in the Complaint and to create viable claims for the Plaintiffs."); *Samples*, 2012 WL 1309135, at *2 ("Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible.")

## **ANALYSIS**

The Court finds that the Plaintiff has not set forth a factual basis which would support, or even allege, any specific causes of action. A lawsuit must be dismissed when the lawsuit only

3

alleges bare factual allegations, particularly when the Court can not discern a stated claim upon which can relief can be granted. *See Gilliard v. Recontrust Co.*, No. 1:11-cv-331, 2012 WL 4442525 (E.D. Tenn. Sept. 25, 2012); *Mhoon v. U.S. Bank Home Mortgage*, No. 12-cv-03053, 2013 WL 6858680 (W.D. Tenn. Dec. 30, 2013); *Bell v. SunTrust Mortgage, Inc.*, No. 3:08-cv-391, 2009 WL 2913690 (E.D. Tenn. Sept. 2, 2009); *Gibson v. Mortgage Elec. Registration Sys., Inc.*, No. 11-2173, 2014 WL 2091258 (W.D. Tenn. May 19, 2014). A Plaintiff fails to make a claim when the pleading only makes conclusory assertions that a defendant's actions were somehow wrongful. *Hutchens v. Bank of Am. N.A.*, No. 11-CV-624, 2012 WL 1618316, at *7 (E.D. Tenn. May 9, 2012).

Plaintiff fails to make claims for fraud, mortgage fraud, or mail fraud. To state a claim for fraud under Tennessee law, a plaintiff must allege the following four elements: "(1) an intentional misrepresentation of material fact, (2) knowledge of the representation's falsity, (3) an injury causes by reasonable reliance on the representation, and (4) the requirement that the misrepresentation involve a past or existing fact." *Gray v. Bank of Am., N.A.*, No. 3:12-CV-105, 2012 WL 3230387, *2 (E.D. Tenn. Aug. 6, 2012). Under 18 U.S.C. § 1341, "[t]he essential elements of mail fraud are that defendant devised a scheme or artifice to defraud, use[d] the mails, and either sent or received mail connected with the scheme." *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 632 F. Supp. 240, 244 (E.D. Tenn. 1986), *aff'd*, 819 F.2d 151 (6th Cir. 1987).

In addition, fraud claims are subject to "the heightened particularity requirement of Federal Rule of Civil Procedure 9(b)." *Gray*, 2012 WL 3230387, *2; *see also Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 325 (6th Cir. 1999) (affirming dismissal of mail fraud claim for failure to satisfy Rule 9(b) particularity requirements), *cert. denied*, 528 U.S. 871 (1999); *Aycock v. Bank of Am., N.A.*, No. 14-CV-2789-JPM-TMP, 2015 WL 3746997, at *6 (W.D. Tenn. May 28, 2015), *adopted by* No. 2:14-CV-02789-JPM, 2015 WL

3747261 (W.D. Tenn. June 15, 2015) (holding that purported mortgage fraud claim did not meet heightened pleading standard under Rule 9(b)). "The Sixth Circuit has directed that Rule 9(b) requires plaintiffs to allege the time, place, and content of the alleged misrepresentation, the fraudulent scheme, the fraudulent intent, and the injury resulting from the fraud." *Flynn v. GMAC Mortg., LLC*, No. 3:11-CV-416, 2011 WL 4708858, at *3 (E.D. Tenn. Oct. 4, 2011).

Plaintiff asserts that Chase's "misapplication of funds" in Plaintiff's escrow account amounted to a breach of the "mortgage contract" because "[t]here is no clause in the contract that allows [Chase] to take these actions therefore [Chase] broke [its] own contract and denied [Plaintiff] the insurance that [he] had paid for" [Doc. 1-1]. Under Tennessee law, a plaintiff alleging breach of contract must plead sufficient facts to establish "1) the existence of an enforceable contract, 2) nonperformance amounting to a breach of the contract, and 3) damages caused by the breach of contract." *Shirley v. NationStar Mortg., LLC*, No. 2:10-CV-144, 2011 WL 1196787, at *2 (E.D. Tenn. Mar. 29, 2011). "In the context of claims arising out of an alleged breach of contract, a plaintiff must identify the specific contract language whereby the defendant assumed a legally-enforceable obligation to the plaintiff." *Brooks v. Wells Fargo Bank, N.A.*, No. 3:12-0821, 2014 WL 345737, at *2 (M.D. Tenn. Jan. 30, 2014); *see also id.* (dismissing breach of contract claim where plaintiff did not attach contract to complaint, failed to point to any specific clause of the contract alleged to have been breached, and made conclusory allegation that contract was breached).

In the present case, Plaintiff conclusorily alleges that Chase breached the mortgage contract by misapplying the funds in his escrow account to pay for insurance for property that was not encumbered by the mortgage. The Court agrees with the Defendant that Plaintiff's bare allegation of breach of contract, with no supporting factual allegations, fails as a matter of law.

*See Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 465 (6th Cir. 2013) (affirming dismissal of breach of contract claim because "Plaintiffs' naked allegation that Litton 'breached the terms of the Mortgage by, including but not limited to, failing to apply Plaintiff's [p]ayments in accordance with the terms of the [m]ortgage,' is simply a legal conclusion couched as a factual allegation." (alteration in original)).

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Motion To Dismiss [**Doc. 5**] is well-taken, and it is **GRANTED**. The Court will **DISMISS** this case.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge