UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RONALD TAYLOR,                          )
                                        )
    Plaintiff,                          )
                                        )
                                        )   No. 3:15-CV-509-HBG
v.                                      )
                                        )
JP MORGAN CHASE BANK, N.A.,             )
                                        )
    Defendant.                          )

# MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 12].

Now before the Court are the following Motions:

1. Plaintiff's Motion for Relief [Doc. 35];

2. Defendant's Motion to Strike, or Alternatively, for More Definite Statement [Doc. 38];

3. Plaintiff's Motion for Hearing and Intervention of the Court [Doc. 39];

4. Defendant's Motion to Strike and Prefiling Injunction [Doc. 40];

5. Plaintiff's Emergency Motion for Malicious Acts [Docs. 41];

6. Plaintiff's Motion to Disregard the Depositions [Doc. 42] and the Addendum thereto [Doc. 43];

7. Plaintiff's Emergency Motion to Speak to Grand Jury [Doc. 49]; and

8. Plaintiff's Emergency Motion [Doc. 50].

Further, Plaintiff has filed a document titled, "Emergency Motions Resolution," [Doc. 51], which includes 113 pages of documents. Accordingly, for the reasons further explained below, the Court hereby **STRIKES** Plaintiff's Motions [**Docs. 35, 39, 41, 43, 49, 50**], **GRANTS** Defendant's Motion to Strike [**Doc. 38**], and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Strike and Prefiling Injunction [**Doc. 40**].

**II.    POSITIONS OF THE PARTIES**

The Court will summarize the Motions in the order in which they were filed.

**A.    Plaintiff's Motion for Relief [Doc. 39]**

In his Motion for Relief [Doc. 35], Plaintiff alleges that Defendant has intentionally misapplied funds and that Defendant's attorney refuses to correct the problem. He requests $1 million in punitive damages and includes 220 pages of documents with his Motion.

In response, Defendant filed a Motion to Strike, or Alternatively, for More Definite Statement [Doc. 38], requesting that the Court strike Plaintiff's Motion. For grounds, Defendant states that Plaintiff's Motion appears to relate to events that allegedly occurred after this lawsuit was initiated in 2015. Defendant states that Plaintiff has not requested to amend his Complaint. Further, Defendant states that Plaintiff's Motion also relates to events that are not included in his initial pleadings, and therefore, such allegations are immaterial pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Finally, Defendant states that Plaintiff' Motion fails to include any legal citations or citations to the record and that it includes over 200 pages of exhibits, which will require Defendant to speculate as to the relief sought. In the alternative, Defendant requests a more definite statement under Rule 12(e), asserting that Plaintiff has not cited to any Federal Rule of Civil Procedure, nor has he explained the purpose for which the Motion was filed.

**B.     Plaintiff's Motion for Hearing and Intervention of the Court [Doc. 39]**

With respect to his Motion for Hearing and Intervention of the Court [Doc. 39], Plaintiff again alleges that Defendant has intentionally misapplied funds, and he requests that Defendant's officers be immediately arrested and that the Court grant Plaintiff the deed to his home. He alleges that Defendant is committing a hate crime and that defense counsel is an accessory to the crime, which disqualifies him as counsel in this matter. In addition, Plaintiff requests that the Court consider a federal investigation with respect to Defendant's actions. He also requests that the Court give him possession of JPMorgan Chase Bank, N.A., so that it does not repeat the harmful conduct.

Defendant filed a Response [Doc. 40], requesting that Plaintiff's Motion be stricken. Defendant states that Plaintiff's filing is frivolous and vexatious and that Plaintiff's ongoing abuse of the judicial system warrants an injunction enjoining him from filing any motions, briefs, or other documents in this action without first obtaining leave of Court.

**C.     Plaintiff's Motion to Disregard Deposition [Doc. 42]**

In Plaintiff's Motion to Disregard the Deposition [Doc. 42], he states that no one is permitted to take a deposition with the mortgage company acting like the mob. He accuses defense counsel of harassment and states that after the recorder was off, defense counsel proceeded with an extortion attempt. Plaintiff requests that the Court enter judgment in his favor. In his Addendum [Doc. 43], he repeats that Defendant misapplied his funds. He asserts that the Court has an obligation to arrest and investigate crimes, and he requests that the Court arrest Defendant's officers, grant him the deed to his house, order Defendant to pay $1 million in damages, and investigate Defendant's loan practices.

Defendant filed a Response [Doc. 47], stating that Plaintiff copied verbatim portions of his prior, nonsensical Motion for Hearing and Intervention of the Court. Defendant argues that Plaintiff's pro se status does not excuse his continuous filing of frivolous and vexatious motions. Defendant states that Plaintiff fails to identify the specific deposition at issue, much less any rule or law that would support disregarding the testimony. Defendant requests an injunction enjoining Plaintiff from filing any motions, briefs, and other documents as a result of his ongoing abuse of the judicial process.

### D. Plaintiff's Other Motions

Recently, Plaintiff filed a number of other Motions that the Court will address herein. First, Plaintiff filed an Emergency Motion for Malicious Acts [Doc. 41], which is similar to the Motion for Hearing and Intervention of the Court [Doc. 39]. Plaintiff states that the documents he has filed show that Defendant has committed crimes. In addition, Plaintiff filed an Emergency Motion to Speak to the Grand Jury [Doc. 49], wherein he requests to speak to the grand jury as the prosecutor and as the legal system intended. He requests that the Court suspend the law licenses of two attorneys until the FBI has concluded an investigation. He requests that when the attorneys are released from prison, they should not be allowed to practice law. He outlines his allegations regarding Defendant's misapplication of funds and states that Defendant has not provided him with recorded conversations that occurred between him and Defendant's employees. Finally, in his Emergency Motion to the Court [Doc. 50], Plaintiff requests that the Court issue warrants if Defendant cannot establish that it applied his funds properly.

## II. ANALYSIS

The Court has considered the filings in this case, and for the reasons more fully explained below, the Court will **STRIKE** Plaintiff's Motions [**Docs. 35, 39, 41, 42, 49, 50**], **GRANT** Defendant's Motion to Strike or, in the Alternative Motion for Definite Statement [**Doc. 38**], and **GRANT IN PART AND DENY IN PART** Defendant's Motion to Strike and For Prefiling Injunction [**Doc. 40**].

The Court observes that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Jackson v. Broughton*, No. 09-11438, 2010 WL 2993993, at *2 (E.D. Mich. July 28, 2010) (quoting *Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999)). This generous construction, however, is not without its limits. *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018), *appeal docketed*, No. 18-4055 (6th Cir. Oct. 29, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). As outlined above, Plaintiff has filed six Motions within the past two months. The Court has carefully reviewed these Motions and finds that the Motions are unclear as to what specific relief pursuant to the Federal Rules of Civil Procedure Plaintiff actually seeks. *See Clapper v. Clark Dev., Inc.*, No. 14-3500, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) ("Pro se litigants must comply with the procedural rules that govern civil cases.). The requested relief that the Court is able to discern in Plaintiff's numerous Motions is wholly improper (i.e., arresting defense counsel, allowing Plaintiff to take possession of Defendant, arresting Defendant's officers, and so forth). In several Motions, Plaintiff requests that judgment be entered in his favor, but he does not point the Court to any specific document, or legal authority, supporting his argument. Instead, Plaintiff has filed hundreds of documents for the Court to review. The Court cannot go through Plaintiff's filings in

an attempt to try to argue on his behalf—otherwise, this Court would abandon its neutral role and become an advocate on behalf of Plaintiff.

Defendant requests that the Court strike Plaintiff's Motion for Hearing [Doc. 35] and Motion for Hearing and Intervention of the Court [Doc. 39] pursuant to Rule 12(f). Rule 12(f) permits courts to strike information "from *pleadings*" if it is "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). A number of courts have explained that Rule 12(f), by its terms, apply only to pleadings. *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (explaining that under Rule 12(f), a court may only strike pleadings within the meaning of Rule 7(a)); *Newman v. Univ. of Dayton*, No. 3:17-CV-179, 2017 WL 4076517, at *4 (S.D. Ohio Sept. 14, 2017) ("Rule 12(f) applies only to pleadings."); *Herrerra v. Michigan Dep't of Corr.*, No. 5:10-CV-11215, 2011 WL 3862426, at *2 (E.D. Mich. July 22, 2011), *report and recommendation adopted*, No. 10-11215, 2011 WL 3862386 (E.D. Mich. Sept. 1, 2011) ("Thus, motions, briefs, and affidavits do not constitute "pleadings" subject to Rule 12(f)").

Courts, however, have the inherent authority to strike non-pleadings in order to manage its docket. *Newman*, 2017 WL 4076517, at *5; *see also EEOC v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517, 522 n.5 (D. Md. 2016) (explaining that the court has the inherent authority to strike other documents) (other citations omitted). Courts have been cautioned to use their inherent powers "with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

In the present matter, the Court finds striking Plaintiff's Motions the appropriate course of action. As mentioned above, it is not clear to the Court the purpose of Plaintiff's Motions (e.g., whether he seeks summary judgment or whether he seeks to amend the complaint, or so forth). Further, a number of his Motions request relief that is either not available in his civil breach of

contract claim and/or is simply improper. Plaintiff's Motions are not without a cost. The Court is required to spend judicial resources attempting to discern Plaintiff's Motions, placing an undue burden on the Court. Further, Plaintiff's Motions unnecessarily increase the costs of litigation. Accordingly, the Court hereby **STRIKES** Plaintiff's Motions.

Finally, Defendant requests that the Court enter a prefiling injunction, which prohibits Plaintiff from filing any documents with this Court prior to the undersigned's approval. At this juncture, the Court declines to enter a prefiling injunction. The Court, however, **ADMONISHES** Plaintiff that any future filings unrelated to the preparation of this case under the Rules will likely be summarily denied or stricken from the record. *See Clapper*, 2015 WL 13688415, at *3 ("Amongst the restrictions this court has approved is a limitation on filing pleadings without first obtaining approval from the court to do so."). Plaintiff's pro se status is not an excuse to ignore the Federal Rules or the Local Rules of this Court. Future filings shall comply with Rule 7(b) of the Federal Rules of Civil Procedure—that is, state with particularity the grounds for seeking the order and state the relief sought.

### III. CONCLUSION

Accordingly, for the reasons explained above, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Relief [**Doc. 35**] is **STRICKEN**;

2. Defendant's Motion to Strike, or Alternatively, for More Definite Statement [**Doc. 38**] is **GRANTED**;

3. Plaintiff's Motion for Hearing and Intervention of the Court [**Doc. 39**] is **STRICKEN**;

4. Defendant's Motion to Strike and Prefiling Injunction [**Doc. 40**] is **GRANTED IN PART AND DENIED IN PART**;

5. Plaintiff's Emergency Motion for Malicious Acts [**Docs. 41**] is **STRICKEN**;

6. Plaintiff's Motion to Disregard the Depositions [**Doc. 42**] and the Addendum thereto [**Doc. 43**] is **STRICKEN**;

7. Plaintiff's Emergency Motion to Speak to Grand Jury [**Doc. 49**] is **STRICKEN**; and

8. Plaintiff's Emergency Motion [**Doc. 50**] is **STRICKEN**.

**IT IS SO ORDERED**.

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge