UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONALD TAYLOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 3:15-CV-509-HBG |
| JP MORGAN CHASE BANK, N.A., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 12].

Now before the Court is Defendant's Motion for Summary Judgment [Doc. 45]. Plaintiff did not respond to Defendant's Motion within time permitted under the Local Rules. On December 7, 2018, Plaintiff filed a response to Defendant's Motion to Stay [Doc. 55], arguing that summary judgment is not appropriate.[1] The Court has considered Plaintiff's arguments raised in his response. Accordingly, for the reasons explained below, the Court finds Defendant's Motion [**Doc. 45**] well taken, and it is **GRANTED**.

**I. BACKGROUND**

In his Complaint, Plaintiff alleges a breach of contract claim, stating that Defendant misapplied funds. [Doc. 1-1 at 4]. Plaintiff avers that he entrusted Defendant with his escrow funds and that Defendant misapplied such funds by paying insurance on a property that Plaintiff

---

[1] The Court also notes that on December 10, 2018, Plaintiff submitted a letter [Doc. 57], containing arguments and exhibits. The Court has also reviewed this filing, but it does not change the Court's analysis below.

does not own. [*Id.*]. Plaintiff alleges that there is no clause in the contract that allows Defendant to take such actions, which led to Defendant denying Plaintiff insurance that was properly paid. [*Id.*].

In Defendant's Motion for Summary Judgment, it submits a statement of facts, which remain undisputed. Specifically, on July 17, 2016, Plaintiff obtained a mortgage loan in the principal amount of $84,000 ("Loan") to finance the purchase of real property located at 335 Ridgeview Drive, Clinton, Tennessee 37716 ("Property"). [Doc. 45-2 at 2]. Plaintiff executed a promissory note ("Note") that was secured by a deed of trust ("Deed of Trust") encumbering the Property. [*Id.* at 2-20].

Pursuant to paragraph 5 of the Deed of Trust, Plaintiff was required to purchase insurance on the Property for losses by fire and other hazards. [*Id.* at 12]. Plaintiff was responsible for choosing the insurance carrier, but Defendant had the right to disapprove Plaintiff's choice. [*Id.*]. Specifically, the parties agreed as follows:

> **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. The insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably.

[*Id.*]. The same paragraph also provides that if the Borrower fails to maintain insurance coverage, the Lender may obtain insurance at its option and at Borrower's expense. [*Id.*]. Further, the Deed of Trust provides that Lender is under no obligation to purchase any particular type or amount of coverage and that such coverage may not protect Borrower. [*Id.*]. The Deed of Trust also provides

for an escrow account for the insurance described above. [*Id.* at 10]. Specifically, paragraph 3 provides as follows:

> **Funds for Escrow Items**. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for . . . (c) premiums for any and all insurance required by Lender under Section 5.

[*Id.*].

In a letter from Defendant to Plaintiff dated December 13, 2009, Defendant stated that its records show that it did not have current homeowner's insurance information on the Property. [Doc. 45-3 at 31-32]. Defendant requested evidence of homeowner's insurance coverage for the period beginning December 10, 2009. [*Id.* at 31]. The letter stated as follows: "Under the terms of your mortgage agreement, you are required to provide us with current hazard insurance information. This is the only way we will know that you have continuous property insurance." [*Id.*]. The letter also noted, in bold, as follows:

> It is very important that we receive this information within 15 days from the day you receive this letter. If you do not provide evidence of continuous coverage for the period listed above by this time, we will have no choice but to purchase limited hazard insurance for you at a cost that is likely to be much higher than you would pay on your own. Even if you obtain your own coverage, please note that if a lapse occurred between the cancellation of your homeowner's insurance and the effective date of your new coverage, Chase will charge you for the coverage that we purchase for the lapse period.

[*Id.*].

Defendant sent Plaintiff a similar letter dated January 13, 2010. [*Id.* at 34-35]. In that letter, Defendant stated that the premium for the insurance coverage would be $1,523.00, and that such insurance is for the benefit of the person/company who owns the mortgage loan. [*Id.*].

Defendant claims that Plaintiff did not respond to the above letters. [*Id.* at 3 ¶ 11]. In a letter from Defendant to Plaintiff dated February 25, 2010, Defendant informed Plaintiff that it had purchased a lender-placed insurance policy ("LPI Policy") issued by American Security Insurance Company, which provided coverage for the Property for the period beginning on December 10, 2009, through December 10, 2010. [*Id.* at 37-38]. Defendant enclosed a copy of the LPI Policy with the letter. [*Id.* at 39-50].

Thereafter, Plaintiff reported to Defendant that he had purchased an insurance policy from State Farm ("State Farm Policy") for the period beginning on July 2, 2010, through July 2, 2011. [Doc. 45-1 at 12; Doc. 45-3 at 4 ¶ 13]. In a letter from Defendant to Plaintiff dated July 14, 2010, Defendant stated that the LPI Policy had been canceled effective July 2, 2010. [Doc. 45-3 at 52]. Defendant further stated, "Due to the lapse in coverage, an escrow/impound account is required, as provided in the Security Instrument to recover the premium for the lapse period and for payment of future renewals of your policy." [*Id.*]. In addition, Defendant stated that its records showed a lapse in coverage and that the premium for the lapse period was $851.00, which was billed to Plaintiff's Loan. [*Id.*]. After the LPI Policy was canceled, Defendant made premium payments for the State Farm Policy from the Loan's escrow account from 2011 through 2014. [Doc. 45-1 at 42-46, Doc. 45-3 at 4 ¶ 15].

The State Farm renewal certificates from July 2, 2010, through July 2, 2013, show that State Farm insured Plaintiff's Property. [Doc. 45-2 at 23-26]. With respect to the renewal certificates for July 2, 2013, through July 2, 2014, and July 2, 2014, through July 2, 2015, however, the property listed as the insured premises is 129 Princeton Avenue, Oak Ridge, Tennessee 37830-7522. [*Id.* at 27-28].[2] The policy number is the same on all the renewal certificates. [*Id.* at 23-

---

[2] The Court observes that the renewal certificates for July 2, 2010, July 2, 2011, and July 2, 2012, list Plaintiff's mailing address as 129 Princeton, Oak Ridge, Tennessee 37830-7522, and

28]. During his deposition, Plaintiff testified that he was not contacted about this change and that he was unaware of who made this change. [Doc. 45-1 at 47].

In October 2014, Plaintiff discovered that someone broke into his Property and stole anywhere from $12,000 to $17,000 in personal property. [*Id.* at 23-24]. According to Plaintiff, he contacted State Farm immediately, and State Farm told him that it did not have a policy for the Property. [*Id.* at 29]. Plaintiff did not file an insurance claim with State Farm because State Farm told Plaintiff that he did not have coverage for the Property. [*Id.* at 30].

According to Defendant, Plaintiff called on or about January 17, 2015, to report that he was unable to file an insurance claim under the State Farm Policy, and on January 20, 2015, Plaintiff called Defendant requesting a refund of the payments disbursed to State Farm for premiums under the State Farm Policy. [Doc. 45-3 at 4 ¶¶ 16-17]. Subsequently, on February 20, 20, 2015, State Farm sent Plaintiff an "Acknowledgement of Cancellation Request," stating, "As requested, this policy has been canceled effective 12:01 a.m. . . . as of [July 2, 2010]." [Doc. 45-2 at 29]. State Farm issued Plaintiff a refund check in the amount of $2,489.68 for the premiums paid. [*Id.*].

In a letter from Defendant to Plaintiff dated March 11, 2015, Defendant stated, "Our records show that we currently collect funds as part of an escrow account to pay your homeowner's insurance premium annually for a policy that you purchase on your own. Therefore, it is our fiduciary duty to pay your homeowner's insurance premium once we receive an invoice." [Doc. 45-3 at 53]. Defendant then outlined all the premiums that Defendant sent to State Farm for the insurance policy. [*Id.*]. Defendant stated that upon making multiple telephone calls to State Farm,

---

the location of the insured premises is the Property. [Doc. 45-2 at 23-26]. With respect to the renewal certificates for July 2, 2013, and July 2, 2014, they list the Property as Plaintiff's mailing address and the Oak Ridge location as the insured premises. [*Id.* at 27-29].

Defendant was informed that the State Farm Policy covered 129 Princeton Avenue, Oak Ridge, Tennessee 37830 and that Defendant has no financial interest in that property. [*Id.*]. Defendant also requested that Plaintiff send Defendant the check from State Farm to deposit in the escrow account for Plaintiff's Loan in order to avoid or offset a possible shortage. [*Id*. at 54]. Defendant declined Plaintiff's request to refund the payments that Defendant sent to State Farm. [*Id.*]. Defendant sent Plaintiff a similar letter dated May 29, 2015. [*Id.* at 55].

Later, on September 21, Defendant sent Plaintiff an email stating that State Farm admitted to the error with the Property and mailing addresses on file and recommended that Plaintiff file a complaint with State Farm or the state's insurance commissioner. [*Id.* at 57].[3]

## II.    POSITIONS OF THE PARTIES

Defendant asserts [Doc. 46] that the Court should grant summary judgment in its favor on Plaintiff's breach of contract claim. For grounds, Defendant argues that the basic premise of Plaintiff's lawsuit is that the State Farm Policy insured the wrong property at the time of the break in, and Plaintiff blames the mistake on Defendant. Defendant states that while Plaintiff claims that its payment of the premiums for the State Farm Policy from the Loan's escrow account amounts to a breach of the Deed of Trust because the Property was not covered under the State Farm Policy in 2013, the Deed of Trust places the responsibility on Plaintiff to maintain hazard insurance coverage for the Property. Defendant states that it is under no obligation to ensure that the Property is insured against hazards. Defendant maintains that under the terms of the Deed of Trust, it is simply responsible for applying the funds held in the Loan's escrow account to pay for the insurance that Plaintiff was required to obtain.

---

[3] The September 21 email does not include the year that it was sent.

In addition, Defendant argues that the hazard insurance does not include coverage for loss or damage to Plaintiff's personal property. Defendant argues that because Plaintiff cannot establish that it was required to ensure that the Property was covered under the State Farm Policy or that Plaintiff's personal property was insured against loss, Plaintiff's breach of contract claim fails as a matter of law.

Finally, Defendant asserts that its responsibility for management of the Loan's escrow account does not make it responsible for the error in the State Farm Policy. Defendant contends that the Sixth Circuit recently rejected a similar argument in *Patrick v. CitiMortgage, Inc.*, No. 16-3436, 676 F. App'x 573 (6th Cir. Jan. 23, 2017). Defendant asserts that Plaintiff is responsible for maintaining the insurance coverage for the Property and that it is simply responsible for disbursing the funds held in the Loan's escrow account to pay for insurance that Plaintiff is obligated to maintain.

As mentioned above, Plaintiff filed a response to Defendant's Motion to Stay [Doc. 55], wherein Plaintiff argues that summary judgment is inappropriate. Plaintiff asserts that there is nothing in the contract that allows Defendant to use the escrow funds for anything but the Property, and therefore, Defendant committed a breach of contract. Plaintiff argues that any agreement he made with State Farm is irrelevant because Plaintiff gave Defendant the escrow funds and trusted Defendant to apply the funds properly. Plaintiff argues that Defendant breached the agreement by applying the escrow funds to property that he did not own. Plaintiff contends that he did not change the addresses on his insurance policy and that Defendant was required to notify him of any changes in the escrow account.

## III. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a

need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

IV.   **ANALYSIS**

The Court has considered the parties' argument, and for the reasons further explained below, the Court finds Defendant's Motion [Doc. 45] well taken.

Plaintiff alleges a breach of contract claim because Defendant paid the premium for the State Farm Policy from the escrow account and later Plaintiff discovered that the State Farm Policy, beginning in 2013, did not cover the Property. In order to establish a breach of contract, a plaintiff must show (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract. *Bridgestone Am.'s, Inc. v. Int'l Bus. Machines Corp.*, 172 F. Supp. 3d 1007, 1019 (M.D. Tenn. 2016) (other citations omitted).

In the present matter, Defendant asserts that Plaintiff cannot establish the second factor. Defendant argues that the Deed of Trust places the responsibility on Plaintiff to maintain hazard insurance and that Defendant is simply responsible for applying the funds held in the Loan's escrow account to pay for the insurance that Plaintiff was supposed to obtain. The Court has reviewed the Deed of Trust and agrees with Defendant. As an initial matter, Plaintiff has not identified the specific provision that he claims to have been breached. In any event, paragraph 5 of the Deed of Trust requires Plaintiff to purchase insurance on the Property. Plaintiff obtained an insurance policy with State Farm to insure the Property, along with his personal property. Plaintiff is listed as the named insured on the renewal certificates. Defendant paid the premiums for the State Farm Policy pursuant to paragraph 3 of the Deed of Trust.

Somehow, beginning in 2013, the location of the insured premises with respect to the State Farm Policy changed from the Property to an address in Oak Ridge, Tennessee. Plaintiff testified that he does not know how the change occurred. Defendant continued to pay the premiums for the State Farm Policy from the escrow account. Plaintiff eventually discovered the issue in October 2014 when he needed to file an insurance claim. Although it appears to the Court that there was an oversight in the State Farm Policy beginning 2013, the Court finds that Defendant has not breached its obligations under the Deed of Trust. As Defendant has argued, it was Plaintiff's responsibility to maintain the insurance on the Property pursuant to paragraph 5 of the Deed of Trust. Further, the Court finds that Defendant's responsibility for management of the Loan's escrow account does not make it responsible for the error in the State Farm Policy. Accordingly, the Court finds Defendant's argument well taken.

V.   **CONCLUSION**

Accordingly, for the reasons stated above, the Court finds Defendant's Motion for Summary Judgment [**Doc. 45**] well taken, and it will be **GRANTED**. A separate Judgment will enter.

ORDER ACCORDINGLY:

_____
United States Magistrate Judge