UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-CV-509-HBG |
| JP MORGAN CHASE BANK, N.A., | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 12].

Now before the Court is Plaintiff's Motion to Reinstate [Doc. 60] and Plaintiff's Motion [Doc. 64], requesting immediate relief from Defendant's abuses and malicious misconduct. Defendant has responded in opposition [Doc. 61, 65] to both Motions. The Motions are ripe for adjudication. Accordingly, for the reasons further explained below, the Court **DENIES** Plaintiff's Motions [**Docs. 60, 64**].

**I.     BACKGROUND**

Plaintiff filed a breach of contract case alleging that Defendant misapplied funds in his mortgage escrow account to pay insurance. Specifically, Plaintiff obtained a mortgage loan to finance the purchase of real property ("Property"). Plaintiff executed a promissory Note that was secured by a Deed of Trust encumbering the Property. Pursuant to paragraph 5 of the Deed of Trust, Plaintiff was required to purchase insurance on the Property for losses by fire and other hazards.

Defendant sent Plaintiff several letters regarding the requirement to purchase insurance for the Property. When Plaintiff did not respond, Defendant purchased a lender-placed insurance policy ("LPI Policy"). Plaintiff later reported to Defendant that he had purchased an insurance policy on the Property from State Farm. Due to the lapse in coverage, however, an escrow/impound account was required. Defendant canceled the LPI Policy and began making premium payments for the State Farm policy from the loan's escrow account from 2011 to 2014.

The State Farm renewal certificates from July 2, 2010, through July 2, 2013, show that State Farm insured Plaintiff's Property. With respect to the renewal certificates for July 2, 2013, through July 2, 2014, and July 2, 2014, through July 2, 2015, the property listed as the insured premises is 129 Princeton Avenue, Oak Ridge, Tennessee 37830-7522. The 129 Princeton Avenue address is listed as Plaintiff's mailing address on the previous renewal certificates. Plaintiff is unaware of who made this change.

In October 2014, Plaintiff discovered that someone broke into the Property and stole personal property. He contacted State Farm, and State Farm told him that he did not have a policy on the Property. Later, on February 20, 2015, State Farm sent Plaintiff an "Acknowledgment of Cancellation Request," stating that per Plaintiff's request, the policy had been canceled effective as of July 2, 2010, and State Farm issued Plaintiff a refund check in the amount of $2,489.68 for the premiums paid. Defendant was later informed by State Farm that the State Farm policy covered the property located at 129 Princeton Avenue. Defendant requested that Plaintiff send it the refund check in order to deposit in his escrow account to avoid or offset a possible shortage. Defendant declined Plaintiff's request to refund the payments that Defendant sent to State Farm.

Defendant moved for summary judgment, arguing that Plaintiff could not establish that it breached the contract under the facts of this case. The Court agreed with Defendant and entered summary judgment in its favor.

Plaintiff has now moved the Court to reconsider and for other relief.

## II. POSITIONS OF THE PARTIES

The Court will summarize the parties' positions outlined in their Motions.

### A. Motion to Reinstate

Plaintiff requests that the Court reinstate his case. He states that the Court dismissed his case over some technicality. Plaintiff asserts that the Court turned a blind eye to Defendant's felonies. Plaintiff states that the previous Order implied that the undersigned had ex parte conversations with Defendant. Plaintiff asserts that the undersigned should recuse because the Court has permitted Defendant to commit felonies. Plaintiff states that the Court has abused him. Further, Plaintiff states that he has offered proof that Defendant unlawfully placed his entire mortgage payment into escrow. Plaintiff states that Defendant refuses to correct this mistake. Plaintiff states that the Court participated in Defendant's crimes by failing to contact the Federal Bureau of Investigations ("FBI"). Plaintiff states that the Court has not read his paperwork. He submits additional documents and requests that the Court award him $1 million in punitive damages and the deed to his home free and clear of all encumbrances. He argues that federal mortgage law requires that his payments be applied as the sender intended them or to the principal and interest prior to paying escrow. Plaintiff states that after the Court dismissed the case, Defendant began repossession proceedings. Plaintiff has submitted a document titled, "Chase Detailed Transaction History," and a copy of 42 U.S.C. § 3631 and 18 U.S.C. § 656 for the Court's consideration.

Defendant responds [Doc. 61] that Plaintiff's Motion should be treated as a request pursuant to Federal Rule of Civil Procedure 59(e). Defendant states that Plaintiff has not met the requirements for relief under Rule 59(e) and that his Motion serves as an attempt to re-litigate issues that the Court has previously determined. Defendant argues that Plaintiff's accusations regarding judicial bias and criminal activity are not valid grounds for reconsidering the Court's ruling.

### B. Motion for Immediate Relief [Doc. 64]

Plaintiff seeks immediate relief from Defendant's abuses and malicious conduct.[1] Plaintiff states that Defendant misapplied funds on his mortgage account and that Defendant started applying his payments to escrow. Plaintiff states that Defendant is trying to steal his home and has sent threatening letters to repossess his home. Plaintiff argues that Defendant violated Dodd Frank and alleges that Defendant locked him out of his account. Plaintiff requests ownership of his home. Plaintiff asserts that he has timely paid payments for the principal and interest and that he pays insurance and taxes out of his own pocket because he no longer trusts Defendant. Plaintiff attaches documents, purportedly showing that Defendant misapplied his mortgage payments.

Defendant filed a Limited Response [Doc. 65], arguing that Plaintiff's Motion has no basis for relief, is frivolous, and ignores the Court's prior guidance. Defendant requests that the Court strike the motion and enter an order enjoining Plaintiff from filing any motions, pleadings, and other documents without first obtaining leave of Court. Defendant argues that Plaintiff's Motion is similar to his previous six motions, which the Court struck. Defendant asserts that Plaintiff's Motion lacks any citations to the Federal Rules of Civil Procedure, does not explain the grounds

---

[1] The Court notes that Plaintiff requests that the appellate court grant immediate relief; however, he filed the Motion in this Court, and therefore, the Court will address it herein.

for the relief sought, and regurgitates his previous filings. Defendant requests, if the Court does not strike the motion, that the Court order Plaintiff to file a more definite statement.

**III. ANALYSIS**

The Court has considered the parties' positions as outlined above, and for the reasons further explained below, the Court **DENIES** Plaintiff's Motions [**Docs. 60, 64**].

"[T]he Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration." *Securities & Exch. Comm'n v. AIC, Inc.*, No. 3:11-CV-176, 2013 WL 12043469, at *1 (E.D. Tenn. Sept. 19, 2013) (citing *Hood v. Hood*, 59 F.3d 40, 43, n.1 (6th Cir. 1995)). When such a motion is filed, however, courts "commonly treat[] [it] as either a Rule 59(e) or a Rule 60(b) motion." *Id.* (citing *Hood*, 59 F.3d at 43 n.1). If the motion is filed within twenty-eight (28) days after entry of judgment, courts "construe the motion as being raised under Rule 59(e)." *Id* (citing *Hood*, 59 F.3d 43 n.1). Accordingly, the Court will review Plaintiff's requests pursuant to Rule 59(e).

Rule 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). "Rule 59 motions are not 'intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented.'" *AIC, Inc.*, 2013 WL 12043469, at *1 (quoting *Kenneth Henes Special Projects*

*Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000), *aff'd sub nom. Kenneth Henes Special Projects Procurement, Mktg. & Consulting Corp. v. Cont'l Biomass Indus., Inc.,* 68 F. App'x 630 (6th Cir. 2003)).

As an initial matter, Plaintiff requests in his Motion [Doc. 60] that the undersigned recuse from this matter. Plaintiff argues that the Court participated in felonies by ruling in favor of Defendant and that the last letter Plaintiff received indicates that the Court had ex parte conversations with Defendant.[2] The undersigned does not find recusal necessary. It is unclear why Plaintiff believes that the Court engaged in ex parte conservations with Defendant. In addition, Plaintiff's disagreement with the Court's ruling is not a valid reason to recuse from this case. As a number of courts have explained, a judge is not required to recuse himself "based on the 'subjective view of a party,' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988)). Accordingly, the undersigned declines to recuse.

Further, the Court finds that Plaintiff has not shown in either Motion the need to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) account for a change in the controlling law, or (4) to prevent manifest injustice. Plaintiff argues that the Court dismissed his case based on a technicality. Plaintiff's case was not dismissed on a technicality. Instead, the Court reviewed the parties' filings with respect to the motion for summary judgment and found that there were no genuine issues of material fact as to Plaintiff's breach of contract claim. Plaintiff attaches a Chase Detailed Transaction History, arguing that it shows Defendant unlawfully applied his entire payment to escrow. These allegations were not part of his Plaintiff's original breach of

---

[2] The Court believes that Plaintiff's reference to the "last letter" is to the Court's Memorandum Opinion and Judgment [Docs. 58, 59], which were mailed to Plaintiff on December 13, 2018.

contract claim. Plaintiff made such allegations in various motions but did not move to amend the Complaint, even after the Court noted that Plaintiff's requested relief was unclear. *See* [Doc. 53]. Further, Plaintiff does not point to any authority to support his position other than to assert Defendant violated "federal mortgage law" and Dodd Frank. The Court acknowledges that Plaintiff attached a copy of 42 U.S.C. § 3631 and 18 U.S.C. § 656 to his Motion, but both of these statutes are criminal statutes, neither of which are referenced in Plaintiff's Complaint. *Cordell v. Town of Signal Mountain*, No. 1:13-CV-137, 2014 WL 5704662, at *4 (E.D. Tenn. Nov. 5, 2014) (explaining that "42 U.S.C. § 3631, part of the Fair Housing Act, is also a criminal statute under which there is no private cause of action") (citing *McZeal v. Ocwen Fin. Corp.*, No. 00-20817, 2001 WL 422375, at *2 (5th Cir. Mar. 29, 2001)) and *Campbell v. M&T Bank*, No. 3:16-CV-118, 2017 WL 1091939, at *5 (W.D. Pa. Mar. 22, 2017) (explaining that 18 U.S.C. § 656 provides no private right of action).

Furthermore, Plaintiff's Motion [Doc. 64] requesting immediate relief is similar to his Motion to Reinstate. Many of Plaintiff's allegations relate to events that are not part of his original Complaint or constitute attempts to relitigate the issues. *See Kenneth Henes Special Projects Procurement*, 86 F. Supp. 2d at 726 (explaining that a Rule 59(e) motion is "not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented"). Plaintiff has not identified a clear error of law, new evidence, a change in the law, or the need to prevent manifest injustice. Accordingly, the Court finds Plaintiff's request not well taken.

Finally, the Court declines Defendant's request for an injunction. The Court's previous admonishment stated that "any future filings unrelated to the preparation of this case under the Rules will likely be summarily denied or stricken from the record." [Doc. 53]. Although the

Court will deny Plaintiff's requests, the Court does not find that the instant filings warrant an injunction.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court finds Defendant's Motion to Reinstate [**Doc. 60**] and Plaintiff's Motion [**Doc. 64**] are not well taken, and they are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge